FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 SEP 27 AM 9:45

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| JOHN DANIEL McFARLAND, JR., et al., | } } } | |
| Plaintiffs, | } } | CIVIL ACTION NO. |
| v. | } } | 99-AR-2415-S |
| JAMES LUNDIGEN, et al., | } } } | |
| Defendants. | } | |

ENTERED
SEP 27 1999

**MEMORANDUM OPINION**

The court has for consideration a motion by plaintiffs, John Daniel McFarland, Jr. and Beverly J. McFarland, to remand the above-entitled case to the Circuit Court of Jefferson County, Alabama, from whence it was removed on September 13, 1999, by defendants, Monogram Credit Card Bank of Georgia and SentryNet, Inc. On September 1, 1999, twelve days before the removal, the complaint was amended to correct the name of defendant, "James Lundigen" to "James Lonergan," who is an Alabama resident. The basis for defendants' allegation of the fraudulent joiner of Lundigen has been removed because James Lonergan is a resident of the State of Alabama, and a colorable claim has been stated against him.

The only other basis for removal is the Chapter 13 proceeding wherein plaintiffs are debtors in Bankruptcy Case No. 990411 now

1

pending in the United States Bankruptcy Court for the Northern District of Alabama. The court takes judicial notice of that proceeding which reflects a pending petition by counsel for plaintiffs-debtors to proceed with the above-entitled action and in which their cause of action is listed as an asset of their bankruptcy estate. The court has no reason to expect that the said petition will not be granted by the bankruptcy court.

A procedural, but waivable, defect in the removal is the failure in the removal papers to include the amendment to the complaint filed by plaintiffs on September 1, 1999. The court does not rely upon this defect.

Because the state court was the court of original jurisdiction and is entirely competent to deal with the controversy, by operation of the doctrine of abstention, plaintiffs' motion to remand will be granted by separate order.

DONE this 27th day of September, 1999.

```
                         WILLIAM M. ACKER, JR.
                         UNITED STATES DISTRICT JUDGE
```